ENOCH B STEVENS ET AL.

V.

JOHN H. SNYDER.

</div>

PRACTICE.—The rule is settled in this State that a court is not justified in instructing the jury that any alleged fact has not been proved, when there is any evidence, however slight, tending to establish it. In this case the court is of opinion there was some evidence tending to establish the point made by defendants, and it was error to refuse to allow it to be submitted to the jury.

APPEAL from the Superior Court of Cook county; the Hon. Sidney Smith, Judge, presiding. Opinion filed February 8, 1881.

Mr. JAMES LANE ALLEN, for appellants; that there was evidence tending to establish the point in question, and the court erred in refusing to allow it to be presented to the jury, cited Searing v. Butler, 69 Ill. 575; Davis v. Hoxey, 1 Scam. 406;

Stevens v. Snyder.

Eames v. Blackhart, 12 Ill. 195; Reese v. Henck, 14 Ill. 482; Blake v. Dow, 18 Ill. 261; Stumps v. Kelley, 22 Ill. 140; Ray v. Wooters, 19 Ill. 82; Deshler v. Beers, 32 Ill. 368; Duffield v. Delancey, 36 Ill. 258; Winne v. Hammond, 37 Ill. 99; Rockwood v. Poundstone, 38 Ill. 199; Ayers v. Metcalf, 39 Ill. 307; Kennedy v. the People, 44 Ill. 283; Collins v. the People, 48 Ill. 145; Seavens v. Tribby, 48 Ill. 195; Quinn v. Ill. Cen. R. R. Co. 51 Ill. 495; St. L. A. & T. H. R. R. Co. v. Maule, 58 Ill. 300; Mitchinson v. Cross, 58 Ill. 366; Stobie v. Dills, 62 432; Andreas v. Ketchum, 77 Ill. 377; Skelly v. Boland, 78 Ill. 438; Ogden v. Kirby, 79 Ill. 555; White v. The People, 90 Ill. 117; Proffatt on Jury Trials, § 321; Sawyer v. Nichols, 40 Me. 212; Lamar v. Glanson, 38 Ga. 252; Claflin v. Rosenberg, 42 Me. 439.

Mr. Frank Baker, for appellee; that published market reports are admissible in evidence, cited Sisson v. Cleveland R. R. Co. 14 Mich. 489; Whelan v. Lynch, 60 N. Y. 469; Clicquet's Champagne, 3 Wall, 117; Fennerstein's Champagne, 3 Wall, 145.

When a party seeks to establish ratification by silence or acquiescence of the principal, he must show that the principal was fully and fairly informed of all the material facts: Cadwell v. Meek, 17 Ill. 220; Mathews v. Hamilton, 23 Ill. 470; Farwell v. Meyer, 35 Ill. 40; Kerr v. Sharp, 83 Ill. 199; Owing v. Hull, 9 Pet. 629.

The question of ratification is generally for the court: Story's Agency, § 253; Com. Bank v. Jones, 18 Tex. 811.

Wilson, J.   On the 22nd day of March, 1879, appellants, E. B. Stevens & Co., bought for appellee, Snyder, at his request, 5,000 bushels of wheat at 93¼ cents per bushel, to be delivered at seller's option during the month of May following. On the 26th day of the same month they bought for appellee another 5,000 bushels at 94 cents, also for May delivery. For convenience, these will be referred to as a single purchase of 10,000 bushels.

Stevens & Co. were commission men, doing business on the

Chicago Board of Trade, buying and selling grain for others on margins. Snyder was a traveling salesman for a mercantile house, being most of the time absent from the city, on the road. At the time of giving his order for the purchase of the wheat, Snyder had a balance of about $900 in the hands of Stevens & Co., which he left with them as a margin on the deal in question. The market soon after declining, Stevens & Co. were compelled to suspend payment, being called on for margins on all their purchases, to which they were unable to respond, and all their trades were closed out for want of margins, on the 19th day of April 1879, Snyder not having, meanwhile, put up any additional margin on his purchase. At the time of Steven & Co.'s failure Snyder's margin was not entirely exhausted, there being still about $175 standing to his credit after the payment of the loss on his purchase.

It was claimed by Snyder that it was agreed between Stevens & Co. and himself, that they were not to close out his deal until his margin was wholly exhausted, and that they were to notify him in case the market should decline, so as to give him an opportunity to make good his margin. Both these propositions were denied by Stevens & Co., who claimed, on the other hand, that the usual margin of about ten per cent., or ten cents on a bushel, was to be kept good; and that in the event of a decline, if the margin should fall below that amount, they were authorized to sell; and they also claimed that they were not required to give notice before selling, by reason of appellee's express waiver, he agreeing, in view of his rapid changes from place to place, to keep himself advised as to the state of the market, and to keep his margin good. Testimony was introduced on these points by both parties.

These controverted questions of fact were passed upon by the jury, and were found in favor of the plaintiff, and we cannot say that their finding is not supported by a preponderance of the evidence. But exception is taken by appellants to the action of the court in respect to one ground of defense of which they sought to avail themselves, but which the court excluded from the jury. It was claimed by appellants that Snyder, after being informed that his deal had been closed out,

made no objection thereto until long afterwards, and that by his silence he assented to and acquiesced in the sale.

It appears from the bill of exceptions, that at the conclusion of the testimony, the defendant's counsel was requested by the court to state to the court the law of the case as he understood it to be, and that in obedience to said request, said counsel claimed, among other grounds of defense, that the acquiescence of the plaintiff in the sale of the wheat by the defendants might be implied from the law and the testimony, and that he would so argue to the jury. And thereupon the court declared that there was not a particle of evidence to sustain any acquiescence by the plaintiff, either express or implied, and the court refused to allow defendant's counsel to state or argue such point to the jury, to which ruling and decision of the court defendants excepted.

It is a settled rule of practice in this State, that the court is not justified in instructing the jury that any alleged fact has not been proved when there is any evidence, however slight, tending to establish it; and we do not understand that the learned judge before whom this case was tried, entertained a contrary view; but his remarks were based upon the assumption that there was an entire absence of proof tending to show an acquiescence by the plaintiff. In this view of the case we think the court erred.

Conceding that the evidence of acquiescence was very slight, we cannot say that there was no evidence tending to prove it. On the 5th day of May, 1879, appellants wrote appellee as follows:

CHICAGO, May 5, 1879.

"*Mr. John H. Snyder—Dear Sir:*

Your letter of the 29th, from Hayes City, is received, and I have delayed answering it because bad news is best, perhaps, put off till the last moment. Not to enlarge on the matter, on the 18th of April, we were compelled to suspend payment, and being called for margins on all our purchases, we could not respond. This, of course, brought our business at an end, with all trades closed, on the 19th ult., Saturday. I have been trying to settle it and get into line once more, but can only

say that what we now owe will all be paid in full, but must collect. We cannot say too much as to our disappointment ; that is now too late. Will be ready to see you and talk over the past and future; shall open a new trade very soon.

Respectfully yours;

"E. B. STEVENS & Co."

The letter was received by appellee at Florence, Kansas, May 16th. To this letter he made no reply. What may have been his reasons for remaining silent, whether from a knowledge that the market had gone against him, and he had concluded to submit to the loss, or whether it was from some other reason, is left to conjecture. It does not appear, however, that he made any inquiry as to the particulars of the sale of his wheat until the 4th or 5th of June following, when wheat had advanced about ten cents a bushel. He knew that his wheat was being carried with other purchases of appellant's at the time of their failure. The testimony shows that he was not unfamiliar with the general course of business of commission men on the board of trade, having himself been in the habit of dealing through them, and it is not unreasonable to suppose that he understood from the tenor of appellant's letter that his pending deal was included among those they had been forced to close out. The letter, it is true, did not give him particulars, but it stated that their failure to respond to the calls for further margins had brought their business to an end " with all trades closed out." It is hardly possible he should not have inferred that his trade had gone with the rest. His subsequent silence for a period of twenty days was a circumstance, even if it be admitted to be a slight one, from which appellants had the right to argue to the jury either that he acquiesced in the sale, or that it was evidence tending to prove an admission by appellee that appellants had the right, under their contract, to sell for a failure on his part to keep his margin good.

The question is, not how much or how little it proved, but was it evidence that tended to prove the point made by appellants? We are of the opinion that it was, and that it was appellants' right to have it passed upon by the jury, to be by them given such weight as they might deem it entitled to.

For the reasons hereinabove stated, the judgment of the court below must be reversed, and the cause remanded for a new trial.

Reversed and remanded.